Filed 7/21/22  P. v. Smith CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E078644 |
| v. | (Super.Ct.No. FSB05283) |
| WILLIAM SHAWN SMITH, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Cheryl C. Kersey, Judge.  Dismissed.

James M. Crawford, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

INTRODUCTION

A jury convicted defendant and appellant William Shawn Smith of attempted carjacking (Pen. Code,[1] §§ 664, 215, count 1) and robbery (§ 211, count 2). A trial court found true the allegations that he had two prior serious felony convictions and had served two prior prison terms. (§§ 667, subds. (b)-(i), 667.5, subd. (b).) It then sentenced him to a total term of 25 years to life.

Twenty-five years later, defendant filed, in propria persona, an "Ex Parte Motion for Repleader Pursuant to Penal Code Section 1473.6 *Boykin/Tahl* Violation." The court held a nonappearance hearing and denied the motion.

Defendant filed a timely notice of appeal. We dismiss the appeal.

PROCEDURAL BACKGROUND

In 1995, a jury convicted defendant of attempted carjacking (§§ 664, 215) and burglary (§ 211). On February 2, 1996, a trial court found true the allegations that he had two prior serious felony convictions and had served two prior prison terms. (§§ 667, subds. (b)-(i), 667.5, subd. (b).) It then sentenced him to a total term of 25 years to life in state prison.

On March 26, 2021, defendant filed an in propria persona "Ex Parte Motion for Repleader Pursuant to Penal Code Section 1473.6 *Boykin/Tahl* Violation." He requested that "the pleadings begin anew because the issue was joined on an immaterial point pursuant to P.C. §1016.8, requiring defendant to file new pleadings because of the defect

---

[1] All further statutory references will be to the Penal Code unless otherwise noted.

[*sic*] Points and Authorities filed by defense counsel pursuant to P.C. §1016.8 in the original pleadings." He asserted that "[t]he points and authorities submitted tend to prove some fact that is not properly at issue; lacking any logical connection with the consequential facts." The trial court denied the motion on February 18, 2022.

Defendant filed a notice of appeal in propria persona, "based on the Court's silent denial of defendant's post-conviction motion to vacate a prior conviction pursuant to Penal Code section 1473.6."

DISCUSSION

After the notice of appeal was filed, this court appointed counsel to represent defendant. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967), 386 U.S. 738 (*Anders*), setting forth a statement of the case, a statement of facts, and identifying one potential arguable issue: whether the court erred in denying defendant relief under section 1473.6 based on newly discovered evidence, as he is currently in custody serving a 25-year-to-life sentence. Defendant was offered an opportunity to file a personal supplemental brief, which he has not done. Thus, no claim of error has been raised.

Review pursuant to *Wende*, *supra*, 25 Cal.3d 436, or its federal constitutional counterpart *Anders*, *supra*, 386 U.S. 738, is required only in the first appeal of right from a criminal conviction. (*Pennsylvania v. Finley* (1987) 481 U.S. 551, 555; *Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 536-537; *People v. Serrano* (2012) 211 Cal.App.4th 496, 500-501 (*Serrano*); *People v. Thurman* (2007) 157 Cal.App.4th 36, 45.) The right to *Wende/Anders* review applies only at appellate proceedings where defendant

3

has a previously established constitutional right to counsel. (*Serrano*, at p. 500; *Ben C.*, at pp. 536-537.) The constitutional right to counsel extends to the first appeal of right, and no further. (*Serrano*, at pp. 500-501.) The appeal before us, "although originating in a criminal context, is not a first appeal of right from a criminal prosecution, because it is not an appeal from the judgment of conviction." (*Ibid.*) While a criminal defendant has a right to appointed counsel in an appeal from an order after judgment affecting his substantial rights (Pen. Code, §§ 1237, 1240, subd. (a); Gov. Code, § 15421, subd. (c)), that right is statutory, not constitutional. Thus, a defendant is not entitled to *Wende/Anders* review in such an appeal. (See *Serrano*, at p. 501 [no *Wende* review for denial of postconviction motion to vacate guilty plea pursuant to Pen. Code, § 1016.5].)

Because this appeal concerns a postjudgment proceeding in which there is no constitutional right to counsel, defendant has no right to *Wende/Anders* review. While we recognize that we retain discretion to conduct such review (*People v. Cole* (2020) 52 Cal.App.5th 1023, review granted October 14, 2020, S264278), we decline to do so in this case. Neither defendant nor his counsel has raised any claim of error. Therefore, we dismiss defendant's appeal as abandoned. (*Serrano*, *supra*, 211 Cal.App.4th at pp. 503-504.)

## DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS _____

                J.

We concur:

MILLER _____

       Acting P. J.

SLOUGH _____

        J.